### JOHN CROW'S ADMR. *v.* G. W. BUSH.

**Evidence—Competency of Partial Record Introduced.**

When a partial record is introduced to prove a particular fact, the court should confine its use to that sole object and prevent any delusion of the jury thereby.

**Same—Instructions Containing both Law and Facts.**

Where such partial record is permitted to be introduced, an instruction that the jury had the "right to take into consideration the lapse of time from said payment up to the bringng of the suit, and all other facts proved before them, in forming their conclusion," held erroneous, in that the law as well as the facts were virtually submitted to them.

**Statute of Limitations—Bills and Notes.**

Where a creditor in attempting to make his debt, at the instance and solicitation of his debtor, pursues other creditors for a number of years, the statute of limitations, as to the original note of his debtor, would not begin to run, till that remedy had been exhausted.

APPEAL FROM CLARK CIRCUIT COURT.

January 14, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This was a suit by appellant against appellee on a note for $320 due August 12, 1841, given to John Crow December 30, 1840 and signed Connor and Bush, to which Bush answered pleading *non est factum,* statute of limitations and that if it ever was

executed it was given as collateral security on a note. held by Crow on Nelson & Bush for eleven hundred dollars which last note had been fully paid and discharged.

A suit, on this note now in controversy, had been brought in August 1847, and a credit was then directed to be entered on it for $20 as of January 1, 1847, which was done by the attorney bringing the suit.

To this suit Bush, the only defendant, served with process, pleaded *non est factum,* whereupon the suit was discontinued at the plaintiff's instance.

Nelson & Bush were mercantile partners and Connor & Bush were farming partners. Nelson & Bush borrowed some eleven hundred dolars from Crow by giving Pleasant Bush security.

Nelson removed to Madison county and died and Connor also removed from Clark county where their respective partnership had existed and where Bush still remained.

This note in controversy was executed by Connor in the firm name of Connor & Bush and by some arrangement was placed in Crow's hands to collect, and when collected to be appropriated as a credit on the $1100 note of Nelson & Bush. Five hundred dollars had been paid on the eleven hundred dollar note when at Bush's instance Crow seems to have attempted to make the remainder out of Nelson's estate, but whether any part or to what extent does not appear.

The payment of the $20 credit on the note of Connor & Bush to Crow is proved by two witnesses and fortified by the entry of the credit when the suit was ordered to be brought in 1847, for no evidence indicates that Crow then had the least idea that there would be any litigation over this note, and as it could be of no importance to him whether he collected the money upon the one note or the other when the plea of *non est factum* was put in, he discontinued the action.

And the proof indicating that Connor & Bush were partners and that the note was executed by Connor in the name of the firm, and for Bush's benefit, to be appropriated to a debt which he does not controvert, and which is ample to overcome the plea of *non est factum.* The law would presume, in the absence of all evidence that the note was duly executed by the partner for the partnership business and within his presumed legitimate power as partner and presumptively with the other partners assent,

which is still fortified by the fact that it was executed for the other partners benefit, as Connor was in no manner interested in the indebtedness of Nelson & Bush to Crow.

As the evidence certainly indicates that Crow, at Bush's instance and solicitation, was attempting to collect this debt from Nelson's estate before coming on him; inasmuch, as he claimed that Nelson's estate owed it in adjusting up the partnership indebtedness of Nelson & Bush, and their indebtedness to Conner & Bush, the intervening time in which Crow was pursuing Nelson's estate should not be allowed in computing the time of the running of the statute of limitations, even if it applied to this case, which it does not. The defendant, over the objections of the plaintiff, was permitted to give as evidence an extract from the master commissioner's report to the Madison circuit court in the suit of Nelson's administrator for the settlement of his decedent's estate, for the single purpose, as the bill of exceptions states, of showing that Crow had presented the eleven hundred dollar note and that it had been allowed against the estate. But no instruction was given to the jury confining its use to that single point, and this may have been regarded by the jury as evidence that the entire debt had been paid, and thus mislead them.

When a partial record is introduced to prove a particular fact the court should always be vigilant to confine its use to that sole object and prevent any delusion of the jury thereby.

This partial record so far from containing all the record of the case does not contain all the commissioner's report, therefore, if at all competent, the greater diligence is necessary on the part of the court to prevent an illegitimate use of it.

By itself it is no evidence whatever that Crow received a single cent on this debt. Whatever he did receive will doubtless appear from other portions of the record, or be susceptible of demonstration otherwise. The instructions given at defendant's instance were too general in not directing the jury as to what issues the different class of facts pertained, but in saying to them that they had the "right to take into consideration the lapse of time from said payment up to the bringing of this suit, and all other facts proved before them, in forming their conclusion" the law as well as the facts were virtually submitted to them, and was especially misleading in view that the partial record from the Madison cir-

cuit court had been permitted to go to them as evidence.

Nor do the plaintiffs instructions harmonize with these views of this case, wherefore, the judgment is reversed with directions for a new trial and further proceedings in conformity herewith.

*Buckner, Simpson, for appellant.*

*Huston & M., for appellee.*